IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA SLIPCHENKO, on behalf of herself and all other persons similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-1465 |
| BRUNEL ENERGY, INC., *et al.*, | § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On February 19, 2013, the plaintiffs, Tamara Slipchenko and David "Cowboy" Boswell, on behalf of themselves and others similarly situated, moved to quash nonparty subpoenas issued by the defendants, Brunel Energy, Inc. and the Brunel Energy Group Health Plan. (Docket Entry No. 76). The subpoenas require Slipchenko's former employers to produce "[a]ny and all personnel records, including but not limited to, evaluations, applications, new employee hire forms, reviews, disciplinary forms, employee change status forms, certifications, manuals, memos, letters, documents, forms, records, and notes." (*Id.* at 3 (quoting Exs. 3–6, Nonparty Subpoeans to Kaiser Permanente, VA San Diego Healthcare System, Hologic Gen-Probe, Inc., and Arthur D. Little, Inc.)). The plaintiffs objected on the grounds that the subpoenas were issued after the discovery deadline this court ordered, were not reasonably calculated to lead to admissible evidence, and were unduly burdensome and harassing. (*Id.* at 5–6).

The defendants responded that the subpoenas were not unduly burdensome and that the plaintiffs were not entitled to an order quashing the subpoenas. (Docket Entry No. 79). The defendants asserted that the information sought was relevant to Slipchenko's ERISA claims:

> Plaintiffs contend they are entitled to the maximum statutory penalty available pursuant to ERISA. However, to obtain any penalty, the question of whether a defendant acted in bad faith must be answered. Therefore, Brunel is entitled to discover what type of benefits and COBRA notifications have been afforded Slipchenko by other employers. If such employers have not provided her the notices she claims she was entitled to at Brunel, then Brunel's claim that it did not act in bad faith is bolstered.
>
> Furthermore, Brunel has asserted the affirmative defense of "gross misconduct" against Slipchenko. Yet, she apparently claims in this lawsuit that Brunel did not terminate her employment for any type of misconduct. Thus, her credibility is in question. Slipchenko's employment history bears on that credibility.

(Docket Entry No. 79, at 5).

This court finds that the subpoenas are improper based on the present record. The scope of discovery is limited to relevant information that even if not in admissible form is "reasonably calculated to lead to . . . admissible evidence." FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C)(i) permits a district court to 'limit the frequency or extent of discovery otherwise allowed . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

The plaintiffs' claims arise from their employment at Brunel Energy. The defendants have not shown why the broad categories of subpoenaed information about Slipchenko's pre-Brunel employment are relevant to the issues in this lawsuit. The defendants have not explained why the types of benefits and COBRA notifications that other employers gave Slipchenko are relevant in this case. *Cf., e.g.*, *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. 2005) (rejecting a plaintiff's motion to discover information about prescription mishandling in other pharmacies belonging to the chain of the pharmacy in which the plaintiff was injured because "[n]one of the pharmacy employees or store managers" involved in the incident underlying the lawsuit were "alleged to have worked at other stores," because the plaintiff did not allege any wrongdoing in these other pharmacies, and

2

because the plaintiff merely sought to "sample" incidents of mishandling in other stores to determine "whether the store at issue in this lawsuit [wa]s better, worse, or on a par with other Walgreen stores"); *see also Sanders v. Dalcraft, LLC*, 2009 WL 1392602, at *2–3 (N.D. Tex. May 18, 2009) (granting a motion for a protective order and quashing subpoenas served on prior employers because "[w]ithout some evidence to suggest that plaintiff was disciplined by her former employers for conduct similar to the reasons proffered by defendant for her termination, defendant is not entitled to these confidential employment records in hopes of uncovering some evidence that may possibly be used against plaintiff at trial"); *Woods v. Fresenius Med. Care Grp. of N. Am.*, 2008 WL 151836, at *1 (S.D. Ind. Jan. 16, 2008) (stating that because "the [p]laintiff has not placed her entire employment history at issue, but rather only her employment with the [d]efendant," to obtain discovery from a previous or subsequent employer, "the defendant must demonstrate a specific reason why the information is relevant to the particular claims and defenses in the case at hand"); *Smartix Int'l, L.L.C. v. Garrubbo, Romankow & Capese, P.C.*, 2007 WL 4166035, at *2 (S.D.N.Y. Nov. 20, 2007) (quashing subpoenas to former employers because "personnel records with other companies are not relevant to the claim or defense of any party" (quotation omitted)); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, at *3–4 (D. Conn. Sept. 25, 2007) (quashing subpoenas to plaintiff's prior employers because "the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant.").

The present record also fails to provide a sufficient basis to conclude that the broad categories of information sought about Slipchenko's employment history are relevant to her credibility. The defendants argue that Slipchenko has placed her credibility in dispute by disputing Brunel's claim that it terminated her employment for gross misconduct. The defendants have not

explained why the broad categories of information about Slipchenko's prior employment history are relevant to whether she is being truthful about the reasons she believes she was terminated. Without further explanation, Slipchenko's pre-Brunel personnel records are not discoverable. *See, e.g.*, *Chamberlain*, 2007 WL 2786421, at *3 (rejecting subpoenas to prior employers "in order to determine whether the plaintiff has been truthful about his performance history and his reasons for leaving his former positions" because "the defendant has not alleged any reason to believe that the plaintiff has misrepresented information during the course of this litigation with regard to his previous employment to substantiate such a broad search of his employment records on this ground"); *see also Boar, Inc. v. County of Nye*, 499 F. App'x 713, 716 (9th Cir. 2012) (holding that personnel files are not discoverable by a defendant "merely trying to find a basis for discrediting" a party (quotation omitted)); *Sanders*, 2009 WL 1392602, at *2 ("Without some evidence to suggest that plaintiff was disciplined by her former employers for conduct similar to the reasons proffered by defendant for her termination, defendant is not entitled to these confidential employment records in hopes of uncovering some evidence that may possibly be used against plaintiff at trial.").

The motion to quash the subpoenas, (Docket Entry No. 76), is granted. Any further discovery disputes must be raised in accordance with this court's rules prohibiting discovery motions and requiring premotion conferences. *See* Rule 5(C), Court Procedures for Hon. Lee H. Rosenthal, *available at* http://www.txs.uscourts.gov/district/judges/lhr/lhr.pdf.

SIGNED on June 18, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge