UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMARA SLIPCHENKO, DAVID "COWBOY" BOSWELL, and VALORIE BARTON, on behalf of themselves and all other persons similarly situated,<br>     Plaintiffs,<br><br>vs.<br><br>BRUNEL ENERGY, INC. and the BRUNEL ENERGY GROUP HEALTH PLAN,<br>     Defendants. | Civil Action No.: 4:11-cv-01465<br><br>Judge Lee H. Rosenthal<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     RECITALS ........................................................................................................... 1

III.    DEFINITIONS ..................................................................................................... 4

IV.     REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT ................... 8

V.      SETTLEMENT CLASS ...................................................................................... 9

VI.     CLASS SETTLEMENT NOTICE ..................................................................... 10

VII.    SETTLEMENT FUND ....................................................................................... 11

VIII.   DISTRIBUTIONS FROM THE CLASS SETTLEMENT FUND ..................... 12

IX.     ATTORNEYS' FEES, EXPENSES & SERVICE AWARD .............................. 13

X.      APPROVAL OF THE SETTLEMENT .............................................................. 15

XI.     SETTLEMENT ADMINISTRATION ............................................................... 16

XII.    RELEASES ......................................................................................................... 17

XIII.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ... 18

XIV.    EFFECT OF DISAPPROVAL, CANCELLATION OR WITHDRAWAL ......... 19

XV.     MISCELLANEOUS PROVISIONS .................................................................. 20

## I.      INTRODUCTION

Subject to the approval of the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement ("Settlement Agreement") is made and entered into by, between and among Plaintiffs Tamara Slipchenko, Cowboy D. Boswell, and Valorie Barton (collectively "Plaintiffs"), on behalf of themselves, individually, and on behalf of the certified Class and Defendants Brunel Energy, Inc. and the Brunel Energy Group Health Plan (collectively "Defendants"), to settle claims against Defendants, in *Slipchenko, et al. v. Brunel, et al.,* No. 4-11-cv-1465 (S.D. Tex.) (this "Litigation") on, and subject to, the terms and conditions below.

## II.     RECITALS

WHEREAS, on April 15, 2011, Plaintiffs filed a Class Action Complaint in the United States District Court for the Southern District of Texas on behalf of themselves and the now-certified Class of participants and beneficiaries in the Brunel Energy Group Health Plan ("the Plan") who elected health care coverage provided by BUPA, asserting claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA") for Defendants' alleged failure to provide required benefits and notices of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and to premium reduction under the American Recovery and Reinvestment Act of 2009 ("ARRA");

WHEREAS, on November 30, 2011, Plaintiffs filed an Amended Class Action Complaint for alleged violations of ERISA, adding David R. Boswell n/k/a Cowboy Dave Boswell[1] as a named plaintiff and proposed class representative, and pleading additional facts as to Plaintiff Boswell's claims against Defendants;

---

[1] Plaintiff David R. Boswell legally changed his name to Cowboy Dave Boswell on March 9, 2012.

WHEREAS, on September 7, 2012, Plaintiffs filed a Second Amended Class Action Complaint for alleged violations of ERISA, adding Valorie Barton as a named plaintiff and proposed class representative, and pleading additional facts as to Plaintiff Barton's claims against Defendants;

WHEREAS Plaintiffs filed a Motion for Class Certification on September 7, 2012;

WHEREAS, Plaintiffs filed a Motion for Summary Judgment on February 15, 2013;

WHEREAS, the Court issued its Memorandum and Order on August 30, 2013, granting Plaintiffs' Motion for Class Certification, in part, certifying a Class as to Plaintiffs' COBRA claims and alleged violations applicable to assessing statutory penalties, and appointing Plaintiffs as representatives of the Class, and granting Plaintiffs' Motion for Summary Judgment, in part;

WHEREAS, on September 27, 2013, the Court granted Plaintiffs' request for appointment of Lead Class Counsel and Local Class Counsel, appointing the law firm of Cohen, Milstein, Sellers & Toll, PLLC as Lead Class Counsel and Campbell, Harrison & Dagley, LLP as Local Class Counsel;

WHEREAS, the Court issued an Order on November 15, 2013 instructing Class Counsel to send each absent class member who was identified by Defendants and for whom Defendants provided an address, a Notice of Class Action pursuant to Federal Rule of Civil Procedure 23(c)(2), as well as a Questionnaire and Exclusion Form.

WHEREAS, on August 15, 2014, the Court issued its Notice resetting Docket Call in this Litigation for September 5, 2014;

WHEREAS, on August 25, 2014, Plaintiffs, on behalf of themselves and the Class, reached and executed a Settlement in Principle with Defendants which, among other things, requires Defendants to pay $375,000 to settle the COBRA claims by the Class, and subject to the

Court permitting the inclusion of the ARRA claims on a class-wide basis, the ARRA claims, and $624,999 to resolve any claims for attorneys' fees and expenses;

WHEREAS, Defendants represent, based on their good faith analysis of the relevant business records, that the Class consists of no more than 66 persons as identified in the data provided to Class Counsel by Defendants in discovery;

WHEREAS, Class Counsel and Plaintiffs represent that they have relied on the foregoing representations regarding the identity and size of the Class in deciding to enter into this settlement on behalf of the Class;

WHEREAS, Plaintiffs, on behalf of the Class, and Defendants (collectively, "the Parties") intend this Settlement Agreement to be a final and complete resolution of all claims that have been asserted and certified upon behalf of the Class against Defendants in this Litigation;

WHEREAS, the terms of this Settlement Agreement were negotiated in good faith and at arm's length by the Parties' respective counsel, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel;

WHEREAS, the Parties believe that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class as a whole, that this Settlement Agreement provides substantial benefits to the proposed Settlement Class and that settlement of this litigation on the terms set forth in this Settlement Agreement is in the best interests of the Proposed Settlement Class and the Class members;

WHEREAS, each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below:

NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by

3

each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby mutually agree as follows:

## III. DEFINITIONS

As used in this Settlement Agreement, the following terms have the following meanings, unless a section or subsection of this Settlement Agreement specifically provides otherwise:

1.     "Action" or "Litigation" means *Slipchenko, et al. v. Brunel Energy, Inc., et al.,* No. 4-11-cv-1465, in the United States District Court for the Southern District of Texas.

2.     "ARRA" means the American Recovery and Reinvestment Act of 2009, as amended.

3.     "Attorneys' Fees Escrow Account" means the escrow account into which Defendants will pay $624,999 to resolve any claims for attorneys' fees and expenses, subject to the Court's approval of this Settlement Agreement.

4.     "Claims" means any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), whether accrued or not, whether already acquired or acquired in the future, whether known, unknown, or unsuspected in law or equity, as well as of any claim or right obtained by assignment, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise.

5.     "Class" means the Class certified under Federal Rules of Civil Procedure 23(b)(3) by the District Court's Order issued on August 30, 2013.

6.     "Class Counsel" means Cohen Milstein Sellers & Toll, PLLC and Campbell, Harrison & Dagley, LLP.

4

7.      "Class Escrow Account" means the escrow account into which Defendants will pay $375,000 to resolve the Class claims, subject to the Court's approval of this Settlement Agreement.

8.      "Class Notice" means the Notice of Class Action pursuant to Federal Rule of Civil Procedure 23(c)(2), sent to each absent class member who was identified by Defendants and for whom Defendants provided an address, in accordance with the Court's Order of November 15, 2013.

9.      "Class Representatives" means Tamara Slipchenko, Cowboy D. Boswell, and Valorie Barton.

10.     "Class Settlement Fund" means the $375,000 to be paid by Defendants to settle the Class claims, as provided by this Settlement Agreement.

11.     "COBRA" means the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended.

12.     "Defendants" means Brunel Energy, Inc. and the Brunel Energy Group Health Plan, as named in the Second Amended Complaint.

13.     "District Court" or "Court" means the United States District Court for the Southern District of Texas.

14.     "Effective Date of Settlement" means the date defined in section X of this Settlement Agreement.

15.     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq.

16.     "Escrow Agent" means the person or entity holding the Settlement Fund until the Fund is distributed.

5

17. "Escrow Agreement" means the agreement with the Escrow Agent governing the Escrow Account.

18. "Exclusion Form" means the exclusion form accompanying the Class Notice sent to each absent class member who was identified by Defendants and for whom Defendants provided an address, in accordance with the Court's Order of November 15, 2013.

19. "Final Approval Motion" means the motion to be filed by Class Counsel requesting that the District Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

20. "Final Approval and Fairness Hearing" means the hearing by the District Court scheduled to finally approve this Settlement.

21. "Final Approval Date" means the date upon which the District Court enters an order granting final approval of the Settlement Agreement.

22. "Final Judgment" or "Final Approval Order" means the District Court's Final Order and entry of judgment finally approving this Settlement.

23. "Lead Class Counsel" means Cohen Milstein Sellers & Toll PLLC.

24. "Parties" means Plaintiffs and each member of the Class, and Defendants.

25. "Plaintiffs" means Tamara Slipchenko, Cowboy D. Boswell, and Valorie Barton.

26. "Plan of Allocation" means the plan for distribution of the proceeds of the Settlement Fund to be submitted by Class Counsel and approved by the District Court.

27. "Preliminary Approval" means the order from the District Court granting the motion for preliminary approval of the Settlement set forth in Section X.

28. "Questionnaire" means the questionnaire accompanying the Class Notice sent to each absent class member who was identified by Defendants and for whom Defendants provided an address, in accordance with the Court's Order of November 15, 2013.

29. "Released Parties" means any person or persons who receive a release by any party to this Agreement.

30. "Settlement Administrator" means a person or entity designated by Class Counsel to administer the Settlement Fund.

31. "Settlement Agreement" means this Class Action Settlement Agreement, including any exhibits attached hereto.

32. "Settlement Class" means members of the Class, except for those persons who are excluded from the Class, as set forth in Section V.

33. "Settlement Class Notice" means the Notice of Pendency of Class Action and Proposed Class Settlement, as approved by the Court.

34. "Settlement in Principle" means the Agreement the Parties executed on August 25, 2014.

35. "Settling Parties" means Plaintiffs, on behalf of themselves, individually, and on behalf of the Settlement Class, and Defendants.

36. "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the

7

nature of excise, withholding, ad valorem, stamp, transfer, value added, or gains taxes; license, registration and documentation fees; and customs' duties, tariffs, and similar charges.

## IV.    REPRESENTATIONS & CONDITIONS OF THE SETTLEMENT

1.    **Representations Regarding the Class.** As part of the discovery in this case, Defendants provided Class Counsel with an Excel file containing the names of the persons whom Defendants identified as the members of this Class, which identified 36 employee-participant members of the Class and 30 dependent-beneficiary members of the Class.

(a)    **Identity of the Class Members.** The names of the 36 employee-participant Class Members identified by Defendants are identified on Exhibit A to this Settlement Agreement.  The names of the 30 employee-participant Class Members identified by Defendants are identified on Exhibit B to this Settlement Agreement.  As a material condition of this Settlement, Defendants' represent that to the best of their knowledge, the Class consists of the persons identified in the data provided to Class Counsel by Defendants.

(b)    **Effect of Untrue Information or Representations.** Defendants acknowledge that Plaintiffs and Class Counsel consider the statements about the identity and the number of Class members provided to Class Counsel by Defendants to be material representations that Plaintiffs and Class Counsel have relied on to enter into this Settlement Agreement on behalf of the Class and to recommend that the Court approve this Settlement on behalf of the Class.  In the event that Class Counsel discovers that the Class consists of persons other than those who Defendants have to date identified in the data provided to Class Counsel and regardless of whether such non-disclosure was intentional or inadvertent, Lead Class Counsel will have the unilateral right to void this Settlement and resume the Litigation as if this Settlement was never entered.  Regardless

8

of whether Lead Class Counsel chooses to void this Settlement, no person who is not

identified on Exhibit A or Exhibit B will be bound by this Settlement, will release any

Claims pursuant to this Settlement or be entitled to receive distributions from the Class

Settlement Fund.

    2.    **Representations Regarding Consultation with Counsel.** The Parties represent

that they had the opportunity to and did consult with their respective counsel in this Litigation,

prior to entering into this Settlement Agreement.

    3.    **Court Approval of Class Settlement:** This Settlement is conditioned upon the

Court approving this Settlement under Rule 23 of the Federal Rules of Civil Procedure as fair,

reasonable and adequate on behalf of the Settlement Class certified by the Court.

**V.    SETTLEMENT CLASS**

    1.    **Class Definition.** The Settlement Class will be the Class certified by the District

Court under Federal Rules of Civil Procedure 23(b)(3) in the Court's Order of August 30, 2013

(D.E. 86), except for the Excluded Persons set forth in this Section, and defined as follows:

> All employees of Brunel who elected coverage provided by British United
> Provident Association Limited ("BUPA"), together with their spouses and other
> covered dependents who were participants or beneficiaries in the Brunel Group
> Health Plan at any time from April 15, 2009 until August 25, 2014.

For purposes of this Settlement, Plaintiffs Slipchenko and Boswell, as well as Barton,

will be members of the Settlement Class.

    2.    **Excluded Persons.** The following persons are excluded from the Settlement

Class: (a) any person who completed and returned the Exclusion Form, electing to opt out of the

Class (the identity of persons for whom the Settling Parties have received such Exclusion Form

are identified on Exhibit C), and (b) any person not included on either Exhibit A or Exhibit B

(collectively, the "Excluded Persons").

9

3.      **Defendant's Non-Opposition.** Defendants will not object to or oppose final certification of the Settlement Class.

## VI.    CLASS SETTLEMENT NOTICE

1.      **Provision of Notice:** Upon the District Court's preliminary approval of this Settlement Agreement, Class Counsel will be responsible for providing Class Settlement Notice about the Settlement to the Class in a form and manner as directed by the Court.

2.      **Contents:** The Class Settlement Notice will contain a brief description of the claims asserted by Plaintiffs on behalf of the Class, a summary of the terms of the proposed settlement, including the attorneys' fees and costs sought by Class Counsel, an explanation of the procedures to object, and a notice of a fairness hearing to be held pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in the form approved by the Court.

3.      **Method of Providing Notice:** The Class Settlement Notice shall be provided to each individual member of the Class identified by Defendants (a) by electronic notice to all known members of the Class for whom electronic information is provided or for those members of the Class for whom no email address information is available, by U.S. mail to the extent that a mailing address is provided, and (b) by posting the Class Notice on a website maintained by Lead Class Counsel and/or the Settlement Administrator.

4.      **Settlement Administrator:** In the sole discretion of Class Counsel, Class Counsel may hire a Settlement Administrator to provide Class Settlement Notice to members of the Class or otherwise assist with the administration of the Settlement. Defendants will reasonably cooperate with the Settlement Administrator.

5.      **Data to Be Provided by Defendants.** Within 10 business days of the execution of this Settlement Agreement, Defendants will provide Class Counsel and the Settlement Administrator with either (a) any address information in their custody or control for each known

10

member of the Class plus the Social Security numbers for the Class Members (including the beneficiaries of any participant Class members) or (b) updated address information for each member of the Class (including the beneficiaries of any participant Class members) by utilizing the Class Members' Social Security numbers to obtain updated address information through a mutually-agreed upon address update or locator database.

      6.    **Costs of Notice:** All costs and expenses for provision of Class Notice and the Class Settlement Notice, including the costs to retain a Settlement Administrator will be an expense paid out of the Settlement Fund, and Class Counsel may withdraw monies to pay such expenses out of the Settlement Fund prior to the Final Approval Date.

## VII.  SETTLEMENT FUND

      1.    **Payment of Cash Settlement Amount into Escrow Account:** Defendants will make a payment of $375,000 (the "Class Settlement Amount") into an escrow account ("Class Escrow Account") by September 24, 2014, which account will be at an institution jointly agreed to by Lead Class Counsel and Defendants under terms acceptable to both Lead Class Counsel and Defendants.

      2.    **The Class Settlement Fund:** The Class Settlement Amount plus any interest or other earnings will constitute the Class Settlement Fund.

      3.    **Management of the Class Settlement Fund:** Until the Effective Date of Settlement, the Class Settlement Fund will be held in an escrow account for which the Escrow Agent will act only on the joint instruction of Lead Class Counsel and Defendants, or as ordered by the District Court. After the Effective Date of Settlement, Defendants will not have any responsibility for, or authority over, the Settlement Fund.

4.    **Qualified Settlement Fund:**  The Class Settlement Amount placed in the Class Escrow Account is intended by the Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1.

## VIII.   DISTRIBUTIONS FROM THE CLASS SETTLEMENT FUND

1.    **Administration Expenses Before the Effective Date**:  Prior to the Effective Date, Class Counsel will be authorized to pay from the Class Escrow Account any and all costs or expenses related to providing Class Settlement Notice up to $15,000.  Class Counsel will be authorized to pay from the Class Escrow Account actual or estimated taxes on any income earned on the Settlement Funds and, upon notice to counsel for Defendants, all related costs and expenses related to the preparation of such filings or payments.  Any dispute regarding the reasonableness of any expense incurred, paid or owing will be adjudicated by the District Court, but in no event will the Parties cause or allow the Class Settlement Fund to fail to make a tax payment in a timely manner.

2.    **Expenses After the Effective Date**:  Following the Effective Date, Class Counsel will be authorized to establish a reserve from the Class Settlement Fund to pay any taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes, filing of tax returns or other costs of administration of the Settlement.

3.    **Distribution of the Settlement Fund to the Class:** After the payment of any Service Awards to the Class Representatives, the deduction of any Court approved expenses, including for Class Settlement Notice or administration of the Settlement and the payment of any taxes or tax-related expenses and the creation of any reserve for future expenses, the Settlement Fund will be distributed to Settlement Class Members pursuant to the Court-approved Plan of Allocation.

4.      **Plan of Allocation.**  Class Counsel will submit a proposed Plan of Allocation to the District Court as the recommended method of determining and distributing the proceeds of the Settlement Fund to members of the Settlement Class. Defendants will have no input and will take no position on the Plan of Allocation, the method of allocation, or the distribution of the Settlement Fund.  In the event that the proposed Plan of Allocation is rejected or modified by the District Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement.

## IX.     ATTORNEYS' FEES, EXPENSES & SERVICE AWARD

1.      **Plaintiffs' Attorneys' Fees & Reimbursement of Expenses.**  In addition to the Class Settlement Amount, Defendants will also pay $624,999 into a separate account to resolve any claims for attorneys' fees and expenses against Defendants into a separate escrow account (the "Attorneys' Fees Escrow Account") by September 24, 2014.  The Class Settlement Amount plus any interest or other earnings will constitute the Attorneys' Fees Settlement Fund.

2.      **Management of the Attorneys' Fees Settlement Fund:**  Until the Attorneys' Fees Payment is approved by the Court and the time for payment pursuant to this Settlement, the Attorneys' Fees Settlement Fund will be held in an escrow account for which the Escrow Agent will act on the joint instruction of Lead Class Counsel and Counsel for Defendants, or  as ordered by the District Court.  After the Effective Date of Settlement, Defendants will not have any responsibility for or authority over the Attorneys' Fees Settlement Fund

3.      **Attorneys' Fees & Reimbursement of Expenses.**  Class Counsel will be entitled to seek an award of attorneys' fees and reimbursement of expenses out of this Settlement from the Court and in an amount approved by the Court.  In the event that the Court does not allow an award of attorneys' fees or reimbursement of expenses to Class Counsel in whole or in

13

part, or any such award is rejected or modified on appeal, such rejection or modification will not provide a basis for any party to withdraw from this Settlement Agreement.

4. **Payments From the Attorneys' Fees Settlement Fund.** Subject to the approval by the Court of attorneys' fees and expenses to be paid to Class Counsel pursuant to Rule 23(h), the amount that Defendants have agreed to pay pursuant to this Section may be paid on the Effective Date of Settlement. In the event that there is no appeal of the Final Approval Order, but an appeal related only to one or more of the following to an award of attorneys' fees, reimbursement of expenses, a service award or the plan of allocation, Class Counsel will be entitled to a disbursement from the Attorneys' Fees Fund 30 days after the Final Approval Date as to any amounts for which there is no objection on appeal. Defendants will not have any input as to the division of such fees and expenses among Class Counsel.

5. **Service Award.** Plaintiffs will be entitled to seek a Service Award to be paid to Plaintiffs out of the Class Settlement Fund in recognition of their service and/or for reimbursement of their time and expenses subject to the approval of, and in an amount to be determined by, the Court.

6. **Defendants' Non-Opposition.** Defendants shall not take any position with respect to any request for attorneys' fees or expenses or a Service Award to be paid out of any Settlement Fund created by this Settlement.

7. **Defendants' Attorneys' Fees & Expenses.** Defendants will bear their own attorneys' fees, expenses and costs in this Litigation. No amount of the attorneys' fees, expenses or costs of this litigation incurred by Defendants will be paid by, or charged to, any amounts paid pursuant to this Settlement.

## X.    APPROVAL OF THE SETTLEMENT

1.    **Preliminary Approval of the Settlement:**   On behalf of Plaintiffs and the Class, Class Counsel will file a motion seeking preliminary approval of the Settlement pursuant to Rule 23(e) ("Preliminary Approval Motion"). The Preliminary Approval Motion will seek, and the proposed Preliminary Approval Order will provide for, among other things: (a) preliminary approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e); (b) approval of the Notice to members of the Class; (c) a deadline by which all objections to the Settlement must be made; (d) a deadline for the filing of briefs in support of the Settlement; and (e) a date for the Final Approval and Fairness Hearing.  Defendants either will not oppose this motion or will join in this motion.

2.    **Final Approval of the Settlement.** If the Court preliminarily approves this Settlement, on behalf of Plaintiffs and the Class, Class Counsel will file a motion requesting that the District Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) (the "Final Approval Motion").  Defendants will either join in or not oppose the Final Approval Motion. The Final Approval Motion will seek, and the proposed Final Approval Order will provide for, among other things: (a) Final Approval of the Settlement Agreement, pursuant to Fed. R. Civ. P. 23(e); (b) Entry of Final Judgment as to the Parties in this Action; and (c) the District Court's retention and continuing jurisdiction pending implementation, interpretation, administration, and consummation of the Settlement.  At the time of the Final Approval Motion, Plaintiffs may at their option, but are not required to, also seek approval of a Plan of Distribution and Allocation.

3.    **Effective Date of Settlement.** The Effective Date of Settlement shall occur only when each of the following events has occurred and shall be the date on which the last (in time) of the following events occurs: (a) each and every Condition in this Settlement Agreement has

been satisfied or waived; (b) the District Court has entered a Preliminary Approval Order; (c) the

District Court has entered a Final Order, and (d) the time for appeal of the Final Order has

expired (if no appeal is filed) or all appeals have been concluded with the affirmance of the Final

Order approving this Settlement Agreement.

## XI.    SETTLEMENT ADMINISTRATION

1.    **Appointment of Administrator**: Lead Class Counsel, at its option, may utilize a

Settlement Administrator to administer the Settlement.  Defendants will have no input on the

selection of the Settlement Administrator.

2.    **Administrator's Responsibilities**: As determined by Lead Class Counsel, the

Settlement Administrator may undertake the following tasks to administer this Settlement Fund

consistent with the terms of this Settlement and the Plan of Allocation as approved by the

District Court:  (a) sending the Class Settlement Notice to the Class Members in a manner

consistent with any applicable District Court order; (b) providing Counsel for the Settling Parties

with copies of any objections to the Settlement (to the extent such objections are not filed with

the Court); (c) responding to questions from Class members; (d) establishing and managing a

Qualified Settlement Fund and Bank Account after the Effective Date of Settlement; (e)

coordinating any distribution; and (f) any other responsibilities assigned by Lead Class Counsel

related to administration of the Settlement and consistent with the orders of the Court.

3.    **Administration Costs**: The costs of administering the Class Settlement Fund and

the distribution of the Class Settlement Fund to the Settlement Class, including the costs of

providing notice to the class and the costs incurred by the Settlement Administrator, will be an

expense paid out of the Class Settlement Fund.  No part of the Class Settlement Fund or the

Attorneys' Fees Settlement Fund shall be used by the Defendants to pay any costs or expenses, if

any, incurred by Brunel or the Plan  in connection with the Settlement.

16

## XII.   RELEASES

1.    **Release of Defendants by Plaintiffs & the Class.**  Upon the Effective Date of

the Settlement, Plaintiffs and each member of the Settlement Class shall be deemed to have, and

by operation of the Final Order shall have, fully, finally, and forever released, relinquished, and

discharged Defendants and their heirs, representatives, successors, assigns, affiliates, insurers,

employees, agents, and officers, from the COBRA claims certified by the Court and, subject to

the Court permitting the inclusion of ARRA claims on a class wide basis, the ARRA claims

asserted in the Complaint, and each and every Claim or Unknown Claim against Defendants

relating to provision of notice and benefits of COBRA, and if permitted by the Court, of ARRA,

that has been asserted or could have been asserted in this Litigation arising out of the facts

alleged in the Complaint during the time period set forth in the Class period in this  Litigation,

including any claims for attorneys' fees, costs or expenses, whether such Claim arises under

ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or

otherwise insofar as the Claim or Unknown Claim relates to COBRA notice and benefits.  In the

event that the Court does not permit certification of or a release of the ARRA claims as part of

this Settlement, that will not constitute a material modification of this Settlement, will not void

this Settlement Agreement, and will not provide a basis for any party to withdraw from this

Settlement Agreement.

2.    **Release of Defendants by Plaintiff Slipchenko.**  Upon the Effective Date,

Plaintiff Slipchenko shall be deemed to have, and by operation of the Final Order shall have,

fully, finally, and forever released, relinquished, and discharged Defendants and their heirs,

representatives, successors, assigns, affiliates, insurers, employees, agents, and officers, from

each and every Claim or Unknown Claim against  Defendants that has been asserted or could

have been asserted from the beginning of time through August 25, 2014, including any claims

17

for attorneys' fees, costs or expenses, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise .

3.   **Release of Plaintiffs & the Class by Defendants.**  Upon the Effective Date, the Defendants shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiffs, each member of the Class, and Class Counsel from each and every Claim or Unknown Claim that has been asserted or could have been asserted in this Litigation, including any claims for attorneys' fees, costs, expenses or sanctions, that relate to the filing, commencement, prosecution or settlement of this Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

4.   **Release of Plaintiff Slipchenko by Defendants.**  Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished and discharged Plaintiff Slipchenko from each and every Claim or Unknown Claim that has been asserted or could have been asserted from the beginning of time through August 25, 2014, whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

5.   **Non-Released Claims.**  Notwithstanding the foregoing or any other language in this Settlement Agreement, the Parties are not releasing Claims to enforce this Settlement Agreement.  Notwithstanding any language in this Section or any other language in this Settlement Agreement, Plaintiffs are not releasing Claims based on the representations made by the Defendants set forth in Section IV (Representations and Conditions of Settlement).

**XIII.   ISSUANCE OF NOTICE UNDER THE CLASS ACTION FAIRNESS ACT**

1.   **CAFA Notice.**  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the filing of the Preliminary Approval Motion, Defendants, at their own

18

expense, shall prepare and provide notices and materials required by CAFA, as set forth in 28

U.S.C. § 1715(b)(1)-(8), to the Attorney General of the United States and the Attorneys General

of all states in which any members of the Class reside or any other Appropriate Federal Official

or Appropriate State Official identified by the Court ("the Appropriate State and Federal

Officials").

      2.    **CAFA Notice Provided to Class Counsel.**  Defendants will provide Class

Counsel with a copy of the notice and materials that Defendants intend to send to the

Appropriate Federal and State Officials.

      3.    **Final Approval Hearing.** In accordance with CAFA, 28 U.S.C. § 1715(d), the

Parties will request that the Court set the Final Approval Hearing for the later of sixty (60) days

from the date on which Notice was provided to Class Members or ninety (90) days from the date

on which Defendants are required to provide notice under 28 U.S.C. § 1715(b).

## XIV.  EFFECT OF DISAPPROVAL, CANCELLATION OR WITHDRAWAL

      1.    **Effect of Disapproval**.  In the event that the District Court refuses to grant

Preliminary Approval or enter the Final Approval Order, or approval of the Settlement is

reversed on appeal, either Lead Class Counsel or Defendants may void this Settlement, so long

as the Party exercising such right provides written notice to counsel for all other Parties to the

Settlement, which notice shall be delivered within fourteen (14) days of the order that such Party

relies upon in exercising its rights under this Section.

      2.    **Effect of Cancellation.**  In the event that one of the conditions of this Settlement

is not met and the Effective Date of Settlement has not yet occurred, the Party who did not fail to

meet the condition may void the Settlement so long as the Party exercising such right provides

written notice to counsel for all other Parties to the Settlement and the Court, which notice will

be made within fourteen (14) days of the notification of the condition not being met, but no later

than the Effective Date of Settlement.

3.    **Effect of Withdrawal.**  In the event that the District Court refuses to grant Preliminary Approval or enter the Final Approval Order, or such approval is reversed on appeal and one of the Settling Parties exercises its right to withdraw from the Settlement within the time specified above:  (a) the monies in the Escrow Accounts (including any interest or earnings accrued while in Escrow, but less any amount paid or owing for taxes or other expenses incurred while in Escrow in connection with Class Notice or administering the Settlement Fund, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator) will be returned to Defendants upon written request within ten (10) business days of such written request; (b) the Settling Parties will not be released from the claims asserted in this Litigation; (c) both this Agreement and the Agreement in Principle shall be void *ab initio*; and (d) the Parties' positions, rights and responsibilities shall be as if neither this Agreement nor the Agreement in Principle ever existed.

## XV.    MISCELLANEOUS PROVISIONS

1.    **No Party Is the Drafter:**  This Settlement Agreement is drafted by all Parties, and is the result of arm's length negotiations between competent legal counsel and therefore, shall not be construed more strictly against one party than any other.

2.    **Headings:**  The headings in this Settlement Agreement are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Settlement Agreement in any way.

3.    **Good Faith:**  The Settling Parties agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement.

4.    **Exhibits:**  All of the exhibits attached hereto and identified herein are hereby incorporated by reference as though fully set forth herein.

5.    **Modification:**  This Settlement Agreement may be amended or modified only by written instrument signed by, or on behalf of, all Settling Parties affected by the amendment or their successors in interest.

6.    **Representations:**  This Settlement Agreement constitutes the entire agreement among the Settling Parties related to the Settlement of the Class Claims and the attorneys' fees and expenses, and no representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or the Agreement in Principle, other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement.  In the event of any conflict between this Settlement Agreement and the Agreement in Principle, this Settlement Agreement shall control.

7.    **Authorization:** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective parties he or she represents.

8.    **Counterparts:**  This Settlement Agreement may be executed in one or more original counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.    **Binding Effect:**  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, affiliates, heirs and legal representatives of the Settling Parties, provided, however, that no assignment by any Settling Party shall operate to relieve such party of its obligations hereunder.

21

10.    **Governing Law:**  All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Texas without regard to its rules of conflicts of law, to the extent not preempted by ERISA, and in accordance with the laws of the United States.

11.    **Waiver:**  The waiver of one party of any breach of this Settlement Agreement by any other party shall not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or Counsel for that party, or orally on the record in court proceedings.

12.    **Continuing Jurisdiction:**  The Settling Parties agree to submit to the jurisdiction of the District Court regarding any disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement.   Any and all disputes related to this Settlement that are not satisfactorily resolved by the Settling Parties shall be submitted to the District Court for resolution.  The Final Approval Order will provide that the District Court will have continuing jurisdiction over this Settlement.

13.    **Extensions:**  The Settling Parties reserve the right, subject to the District Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

14.    **Notice:**  Whenever this Settlement Agreement provides for notice to be given to the Parties, such notice shall be served on the Parties through their respective Counsel listed on the signature page of this Agreement.

15.    **No Admission of Liability:**  Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement, or the Settlement, even if this

Settlement Agreement is canceled or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any Settled Claims, or of any wrongdoing, negligence, misrepresentation, breach of any duty, violation or liability of the Settling Defendants; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Claims asserted by Plaintiffs and members of the Class; or (c) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Party hereto in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, including in this Action.  This Settlement Agreement and Settlement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the Settlement, or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement.

16.    **Final and Complete Resolution:**  The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between the Settling Parties with respect to this Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

23

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have caused this Class Action Settlement Agreement to be executed by them or their duly authorized Counsel, on the dates set forth below.

Dated:   September 15, 2014

R. Joseph Barton
Monya M. Bunch
COHEN MILSTEIN SELLERS
& TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3934
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
jbarton@cohenmilstein.com
mbunch@cohenmilstein.com

Robert Sheeder
BRACEWELL & GUILIANI
1445 Ross Avenue
Suite 3800
Dallas, Texas
75202-2724
(214) 468-3800 Telephone
(214) 468-3888 Facsimile
robert.sheeder@bgllp.com

Justin M. Campbell, III
CAMPBELL, HARRISON
& DAGLEY, LLP
4000 Two Houston Center
909 Fannin Street
Houston, TX 77010
(713) 752-2332 Telephone
(713) 752-2330 Facsimile
jcampbell@chd-law.com
THWaters@chd-law.com

Jay Aldis
BRACEWELL & GUILIANI
711 Louisiana Street
Suite 2300
Houston, Texas
77002-2770
(713) 223-2300 Telephone
(713) 221-1212 Facsimile
jay.aldis@bgllp.com

*Attorneys for Plaintiffs and the Class*

*Attorneys for Defendants Brunel Energy, Inc. and the Brunel Energy Group Health Plan*

# Exhibit A

List of Employee-Participant Class Members

*Slipchenko, et al. v. Brunel Energy, Inc., et al.*

1. Alfredo Alfaro
2. Larry Bailey
3. Valorie Barton
4. Cowboy Boswell
5. Millard Brogan
6. Executors of Ellen Brown
7. Phillip Davis
8. David Diao
9. David DiMaggio
10. Paul Douglass
11. Dick Farnsworth
12. Mark Gardner
13. Kevin Harris
14. Boris Kim
15. Judy Kurtz
16. Medrick Lee
17. Notley Roger Maddox
18. Christopher Marz
19. Michael Mays
20. Douglas Newquist
21. Jacob Null
22. Charles Pawelek
23. Alex Ponomarev
24. Gerald Puglisi
25. Gary Ragan
26. Ricardo Salinas
27. Tamara Slipchenko
28. Travis Sutherland
29. Wayne Thibodaux
30. William T Towe
31. Dewey Trichel
32. Martin Wesley
33. Donald Alan Whitehead
34. William Williams
35. Chris Woelfel
36. Heather Woodcock

# Exhibit B

### List of Brunel Health Plan Beneficiary Class Members

*Slipchenko, et al. v. Brunel Energy, Inc., et al.*

1. Kendra Barton
2. Kenneth Barton
3. Amy Boswell
4. Cowboy Dave Boswell's Child
5. Debbie Calahan
6. David DiMaggio's Child
7. David DiMaggio's Child
8. David DiMaggio's Child
9. David DiMaggio's Child
10. Mariam DiMaggio
11. Paul Douglass's Child
12. Paul Douglass's Child
13. Cherylyn Douglass
14. Solange Gardner
15. Kevin Harris's Child
16. Kevin Harris's Child
17. Jamie Harris
18. Bonnie Maddox
19. Christopher Marz's Child
20. Diane Marz
21. Barbara Newquist
22. Chris Pawelek's Child
23. Chris Pawelek's Child
24. Audra Pawelek
25. Charlotte Ragan
26. Gary Ragan's Child
27. Gary Ragan's Child
28. Gary Ragan's Child
29. Patsie Kae Sutherland
30. Bonnie Thibodaux
31. Margaret Trichel
32. DeweyTrichel's Child
33. Vicky Williams

## Exhibit C

Class Members Who Requested Exclusion from the Class

*Slipchenko, et al. v. Brunel Energy, Inc., et al.*

1.   Joseph Calahan