IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA SLIPCHENKO, on behalf of herself and all other persons similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-1465 |
| BRUNEL ENERGY, INC., *et al.*, | § § § | |
| Defendants. | § | |

**ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The plaintiffs' Motion for Payment of Service Awards to Class Representatives, (Docket Entry No. 166), Motion for Attorney's Fees, (Docket Entry No. 171), and Motion for Final Approval of Class Action Settlement, (Docket Entry No. 176), are granted, based on the motions, the memorandums in support, the agreement itself, the plan of allocation, the arguments of counsel, the applicable law, and the record. A Memorandum Opinion explaining the reasons will issue separately. The following order is entered:

1. The proposed settlement is approved under Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable, and adequate for the class members.

2. The Class Settlement Notice accurately informed the class members of the material terms of the proposed settlement and was the best notice practicable under the circumstances, that provided sufficient notice to the class members and complied with Rule 23(e)(1) of the Federal Rules of Civil Procedure, the United States Constitution, and with other applicable law.

3. The plan for allocating and the distributed settlement fund to the class members is

approved under Rule 23 of the Federal Rules of Civil Procedure as fair, reasonable, and adequate to the settlement class members.

4. The $12,000 in total service awards ($6,000 to Tamara Slipchenko, $4,000 to David "Cowboy" Boswell, and $2,000 to Valerie Barton) requested by and on behalf of the three named class representatives is reasonable in light of the actions each took to pursue this suit, including by responding to discovery requests, sitting for depositions, and working with class counsel; actions taken to protect the interests of the class; the degree to which the class has benefitted from those actions; and the amount of time and effort the individual representatives expended.

5. The $624,999 in attorney's fees and costs (plus interest accrued on the escrow account) and the proposed division among class counsel is fair and reasonable under the lodestar approach and the *Johnson* factors.

6. The following settlement procedures and timeline will be followed:

   a. on or before **March 23, 2015**, if no appeal is taken, the class settlement fund will be disbursed to the class members;

   b. attorney's fees and costs may be disbursed only after the class settlement fund is disbursed in full. If any amounts of the settlement fund are not disbursed, the disposition of those amounts must be resolved by the court before fees and costs are disbursed.

SIGNED on January 23, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge