UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMARA SLIPCHENKO, DAVID "COWBOY" BOSWELL, and VALORIE BARTON on behalf of themselves, individually, and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRUNEL ENERGY, INC. and the BRUNEL ENERGY GROUP HEALTH PLAN,<br><br>Defendants. | Case No.: 4-11-cv-01465<br><br>Judge Lee H. Rosenthal |

## ORDER ON DISTRIBUTION AND FINAL JUDGMENT
## ON CLASS ACTION SETTLEMENT

WHEREAS, on January 23, 2015, this Court entered an Order finally approving the terms of the Class Action Settlement Agreement dated September 30, 2014 ("Settlement Agreement"), the plan of allocation for distributing the settlement proceeds to Class Members, and the division of fees between Lead Class Counsel and Liaison Class Counsel;

WHEREAS, on January 23, 2015, this Court also finally approved the proposed service awards totaling $12,000, and attorney's fees and costs in the amount of $624,999;

WHEREAS, the $375,000 cash settlement proceeds have been deposited into an Escrow Account on behalf of the Class (the "Settlement Fund");

WHEREAS, Plaintiffs now seek the Court's authorization to pay the settlement administrator, Gilardi & Co, LLC, a total of $9,278.41 out of the Settlement Fund, for its

services in connection with the Settlement Agreement (see Ex. 1, Supplemental Declaration of Lillian Ewing at 8-10);

WHEREAS, pursuant to this Court's Order, on or before March 23, 2015, if no appeal is taken, the Settlement Fund will be disbursed to the class members, after deduction of any taxes, fees, and expenses previously approved by the Court or approved by this Order;

WHEREAS, the Court in the Final Approval Order ordered that attorney's fees and costs may be disbursed only after the Settlement Fund is disbursed in full and any amounts of the Settlement Fund not disbursed must be resolved by the court before fees and costs are disbursed;

WHEREAS, this Court has issued an Order on final approval of the Settlement Agreement, but no Final Judgment has yet been entered.

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. Class Counsel's request to pay the settlement administrator, Gilardi & Co, LLC, a total of $9,278.41 out of the Settlement Fund is approved;

2. Class Counsel will be entitled to create a reserve to pay taxes and tax-related filing expenses out of the Settlement Fund;

3. On or before March 23, 2015 (so long as that date is at least more than 30 days after the date on which Final Judgment is entered), if no appeal is taken, after deductions as authorized by the Settlement Agreement and approved by this Court, the net Settlement Fund shall be distributed to the authorized recipients (who are listed on Exhibits A and B to Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 176)) pursuant to the Plan of Allocation approved by the Court in its Order on Final Approval;

4. All the distribution checks issued to the class members from the Settlement Fund shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 120 DAYS AFTER ISSUE DATE";

5. If there is any balance remaining in the net Settlement Fund six months after the initial distribution or as a result of uncashed checks, then the parties will inform the Court and seek approval for a disposition of the remaining funds;

6. On the date that the distribution is made from the Settlement Fund, Class Counsel will be entitled to withdraw any monies from the Attorney's Fees Settlement Fund (including any earnings or interest accrued thereon) and allocate those monies among the two firms consistent with the division among class counsel presented to and approved by the Court in the Final Approval Order;

7. The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Class Members (as listed on Exhibits A and B to Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 176)), as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that are otherwise encompassed by the Releases described in the next paragraph of this Order;

8. The Releases contained in Section XII of the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of this Order and the accompanying Final Judgment;

9. The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without in any way affecting the finality of this Order and Final Judgment, this Court expressly retains continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Order, the Final Approval Order, the distribution of the settlement funds and the accompanying Final Judgment;

10. This Action, including all individual and Class claims resolved in it, is hereby dismissed with prejudice without fees or costs to any Party except as otherwise provided in this Final Approval Order;

11. There is no reason for delay, and accordingly, the Final Order and Judgment is hereby entered this 4th day of February, 2015.

**IT IS SO ORDERED.**

**SIGNED this** 4th **day of** February **, 2015.**

_____
**Honorable Lee H. Rosenthal**
**United States District Court Judge**