**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TAMARA SLIPCHENKO, on behalf of herself and all other persons similarly situated, § § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. H-11-1465 |
| § | |
| BRUNEL ENERGY, INC., *et al.*, § § § | |
| Defendants. § | |

**ORDER TO DISTRIBUTE RESIDUAL SETTLEMENT FUNDS**

Class Counsel have moved for an order approving distribution of residual settlement funds. (Docket Entry No. 186). They ask the court to: (1) authorize distribution of the unclaimed settlement funds; (2) authorize payment by the Settlement Administrator, Gilardi & Co., LLC, of $9,278.41 from the Settlement Fund, plus additional costs incurred in distributing the money funds; and (3) confirm that Counsel may be paid fees and expenses from the Attorney's Fees Fund. (*Id.* at 1). The motion is granted in part and denied in part.

On March 20, 2015, in accordance with the court's distribution order, the Settlement Administrator, Gilardi, mailed sixty-six checks to the class members. Sixty of those checks were cashed by the July 18, 2015 deadline. (Docket Entry No. 187, Gilardi Decl. ¶¶ 3, 5). Gilardi made significant efforts to contact each of the six class members whose checks were not cashed. (*Id.*, ¶ 6). The uncashed checks left $14,146.81 in the settlement fund. (*Id.*, ¶ 5). Class Counsel moved for authorization to distribute the unclaimed money either in escheat to the states where the six class members who did not cash their checks reside or, for funds that cannot be escheated now, by *cy pres*

to three charities identified by Class Counsel. (Docket Entry No. 186, 4-7). The court agrees that the money should be distributed but does not believe that either escheat or *cy pres* is necessary.

The court is reluctant to use an escheat of the unclaimed funds, in part because the Settlement Agreement did not contemplate it. (Docket Entry No. 158). Although the Agreement did contemplate *cy pres* under limited circumstances, it is not a favored approach, in part because it confers only an indirect benefit—at best—on class members. *See In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1063 (8th Cir. 2015) ("[M]any of our sister circuits have criticized and severely restricted the practice" of making *cy pres* distributions. (citing cases)). The Fifth Circuit recently held that the district court "abused its discretion by ordering a *cy pres* distribution in the teeth of the bargained-for terms of the settlement agreement, which required residual funds to be distributed within the class." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 471 (5th Cir. 2011).

The Settlement Agreement states that "the Settlement Fund will be distributed to Settlement Class Members pursuant to the Court-approved Plan of Allocation." (Docket Entry No. 157, ¶ VIII.3). The Plan of Allocation provides that:

> [i]n the event that monies remain in the Net Settlement fund after Distribution and after all taxes and other expenses have been paid and the time to cash any checks has passed, any remaining amounts may be Re-Allocated among Class Member whose Recognized Claim is based on Total Weighted Days on the same *pro rata* formula as set forth above, or if in the judgment of Class Counsel such reallocation is not cost-effective, those residual amounts will be distributed to non-sectarian, non-profit 501(c)(3) charitable organization(s) recommended by Class Counsel and approved by the Court.

(Docket Entry No. 158, ¶ 6).

"Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible only when it is not feasible to make further distributions to class members." *Klier*, 658 F.3d at 475. "Where it is still logistically feasible and

economically viable to make additional pro rata distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members with liquidated damages claims that were 100 percent satisfied by the initial distribution." *Id.* at 475 (citation omitted). Distributing the remaining amount on a pro rata basis to the class members who cashed their checks will not provide a windfall because the settlement award of $375,000 is less than the statutory damages the class was potentially entitled to receive. (Docket Entry No. 158, Memorandum Opinion,19) (explaining that potential class damages were estimated to be as high as $3 million).

Class Counsel asserts that distributing the money to the class members who did cash their checks is not feasible because the minimum check value would be $3.58 and the maximum check value would be $3,117.08. (*Id.*, ¶ 7). The court agrees that distributing very small amounts is not economically feasible. But it is economically sensible to distribute the remaining sum to the class members who did cash their checks, on a pro rata basis, if the checks are for more than $20.00. This is consistent with the Settlement Administrator's recommendation that if residual class funds are distributed to class members who did cash their checks, the court should eliminate checks for less than $20 from the pro rata distribution and reallocate the amounts between $62.34 and $3,157.44 to the forty-five class members entitled to receive larger sums. (Docket Entry No. 187, ¶ 7). The court agrees.

The remaining funds are to be distributed on a *pro rata* basis to the forty-five class members who did cash their checks and whose second checks will be for more than $20, in accordance with the Plan of Allocation. Class Counsel is authorized to pay Gilardi $9,278.41 from the Settlement Fund, plus additional costs incurred to distribute the money. Finally, Class Counsel may be paid

3

its fees and expenses from the Attorney's Fees Fund.

        SIGNED on September 14, 2015, at Houston, Texas.

                                Lee H. Rosenthal
                                United States District Judge